UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DISPLAY TECHNOLOGIES, LLC, | Case No. 2:20-cv-10392-SJM-MJH |
| Plaintiff, | District Judge Stephen J. Murphy, III |
| v. | Magistrate Judge Michael J. Hluchaniuk |
| ALPINE ELECTRONICS OF AMERICA, INC., | Demand for Jury Trial |
| Defendant. | |
| _____/ | |

## ANSWER TO COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

Defendant Alpine Electronics of America, Inc. ("Alpine") hereby sets forth its Answer, Defenses, and Counterclaim in response to the Complaint of Plaintiff Display Technologies, LLC ("Plaintiff" or "Display").  Each of the numbered paragraphs below in Alpine's Answer corresponds to the same-numbered paragraphs in Display's Complaint.  Alpine denies all allegations contained in the Complaint that are not specifically admitted below.  Alpine further denies that Display is entitled to the relief requested or any other relief.  In addition, Alpine denies any allegations that may be implied by or inferred from the headings contained in the Complaint.

## <u>ANSWER</u>

1.    Alpine admits that the Complaint purports to assert an action for patent infringement arising under Title 35 of the United States Code. Alpine denies any and all remaining allegations in Paragraph 1 of the Complaint.

2.    Alpine admits that this Court has subject matter jurisdiction over this action. Alpine denies any and all remaining allegations in Paragraph 2 of the Complaint.

3.    Alpine is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and therefore denies those allegations.

4.    Alpine admits the allegations in Paragraph 4 of the Complaint.

5.    For purposes of this action, and this action only, Alpine does not dispute that this Court has personal jurisdiction over Alpine. Alpine denies any and all remaining allegations in Paragraph 5 of the Complaint.

6.    Alpine admits that the CDE-175BT is offered for sale and sold in this District. Alpine denies any and all remaining allegations in Paragraph 6 of the Complaint.

7.    Alpine admits that venue is proper in this District. Alpine denies any and all remaining allegations in Paragraph 7 of the Complaint.

8.     In response to Paragraph 8 of the Complaint, Alpine repeats and incorporates by reference its responses in Paragraphs 1-7 above, as if fully set forth herein.

9.     Alpine admits that Display purports to assert a cause of action arising under the patent laws of the United States.  Alpine denies any and all remaining allegations in Paragraph 9 of the Complaint.

10.     Alpine is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, therefore, denies those allegations.

11.     Alpine admits that Exhibit A to the Complaint purports to be a copy of United States Patent No. 9,300,723, entitled "Enabling Social Interactive Wireless Communications."  Alpine denies any and all remaining allegations in Paragraph 11 of the Complaint.

12.     Alpine denies the allegations in Paragraph 12 of the Complaint.

13.     Alpine denies the allegations in Paragraph 13 of the Complaint.

14.     Alpine admits that the CDE-175BT may be connected to Bluetooth devices to deliver playback of various music files.  Alpine admits that the images and/or screenshots included in Paragraph 14 of the Complaint depict and describe certain aspects of the CDE-175BT.  Alpine denies any and all remaining allegations in Paragraph 14.

15.　Alpine admits that the CDE-175BT may be connected to Bluetooth devices.　Alpine admits that the images and/or screenshots included in Paragraph 15 of the Complaint depict and describe certain aspects of the CDE-175BT.　Alpine denies any and all remaining allegations in Paragraph 15.

16.　Alpine admits that the CDE-175BT may be connected to Bluetooth devices to deliver playback of various music files.　Alpine admits that the images and/or screenshots included in Paragraph 16 of the Complaint depict and describe certain aspects of the CDE-175BT.　Alpine denies any and all remaining allegations in Paragraph 16.

17.　Alpine admits that the CDE-175BT may be connected to Bluetooth devices to deliver playback of various music files.　Alpine admits that the images and/or screenshots included in Paragraph 17 of the Complaint depict and describe certain aspects of the CDE-175BT.　Alpine denies any and all remaining allegations in Paragraph 17.

18.　Alpine admits that the CDE-175BT may be connected to Bluetooth devices to deliver playback of various music files.　Alpine admits that the image and/or screenshot included in Paragraph 18 of the Complaint describes certain aspects of the CDE-175BT.　Alpine denies any and all remaining allegations in Paragraph 18.

19.     Alpine admits that the CDE-175BT may be connected to Bluetooth devices to deliver playback of various music files.  Alpine admits that the image and/or screenshot included in Paragraph 19 of the Complaint describes certain aspects of the CDE-175BT.  Alpine denies any and all remaining allegations in Paragraph 19.

20.     Alpine admits that the CDE-175BT may be connected to Bluetooth devices to deliver playback of various music files.  Alpine admits that the images and/or screenshots included in Paragraph 20 of the Complaint depict and describe certain aspects of the CDE-175BT.   Alpine denies any and all remaining allegations in Paragraph 20.

21.     Alpine admits that the CDE-175BT may be connected to Bluetooth devices to deliver playback of various music files.  Alpine admits that the images and/or screenshots included in Paragraph 21 of the Complaint depict and describe certain aspects of the CDE-175BT.   Alpine denies any and all remaining allegations in Paragraph 21.

22.     Alpine admits that the CDE-175BT may be connected to Bluetooth devices to deliver playback of various music files.  Alpine admits that the images and/or screenshots included in Paragraph 22 of the Complaint depict and describe certain aspects of the CDE-175BT.   Alpine denies any and all remaining allegations in Paragraph 22.

23.     Alpine admits that the CDE-175BT may be connected to Bluetooth devices to deliver playback of various music files.  Alpine denies any and all remaining allegations in Paragraph 23 of the Complaint.

24.     Alpine admits that the CDE-175BT may be connected to Bluetooth devices to deliver playback of various music files.  Alpine admits that the images and/or screenshots included in Paragraph 24 of the Complaint depict and describe certain aspects of the CDE-175BT.  Alpine denies any and all remaining allegations in Paragraph 24.

25.     Alpine is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and, therefore, denies those allegations.

26.     Alpine denies the allegations in Paragraph 26 of the Complaint.

27.     Alpine denies the allegations in Paragraph 27 of the Complaint.

## DEFENSES

Alpine asserts the following Defenses, without assuming the burden of proof for any defense.  Headings are included for convenience only and do not limit Alpine's defenses.  Alpine expressly reserves the right to allege additional defenses during the course of discovery.

**FIRST DEFENSE**

**(Noninfringement)**

Alpine does not infringe, directly or indirectly, any valid and enforceable claim of the '723 Patent, either literally or under the doctrine of equivalents. As a non-limiting example, the accused CDE-175BT product does not have a "communication link initiated by said media system," as recited in all claims of the '723 Patent, either literally or under the doctrine of equivalents.

**SECOND DEFENSE**

**(Invalidity)**

The asserted claims of the '723 Patent, including asserted Claim 12, are invalid for failure to comply with one or more of the conditions set forth in Title 35 of the United State Code, including, without limitation, the requirements of 35 U.S.C. §§ 100, 101, 102, 103 and/or 112, or other judicially-created bases for invalidity or unenforceability. As a non-limiting example, asserted Claim 12 of the '723 Patent is invalid as anticipated and/or obvious under 35 U.S.C. §§ 102 and 103 in view of at least WO2006/027725 to Vauclair.

**THIRD DEFENSE**

**(Prosecution History Estoppel)**

Display's claims are barred in whole or in part by the doctrines of prosecution history estoppel and/or prosecution disclaimer due to admissions,

amendments, arguments, and/or other representations made to the United States Patent and Trademark Office during the prosecution of the applications leading to the issuance of, or related to, the '723 Patent.

## FOURTH DEFENSE

### (Unavailability of Injunctive Relief)

Display is not entitled to injunctive relief, as a matter of law, and cannot satisfy the requirements necessary to obtain injunctive relief in any form.

## FIFTH DEFENSE

### (Limitation on Damages and Costs)

Upon information and belief, Display's claim for damages is barred, in whole or in part, by 35 U.S.C. §§ 286 or 287.  To the extent any claim of the '723 Patent is invalid, Display is barred from recovering costs by 35 U.S.C. § 288.

## COUNTERCLAIM

Defendant Alpine Electronics of America, Inc. ("Alpine"), for its Counterclaim against Plaintiff Display Technologies, LLC ("Display"), alleges as follows:

## THE PARTIES

1.      Alpine is a corporation organized and existing under the laws of the State of California, with its principal place of business in Auburn Hills, Michigan.

2.      Upon information and belief, and based on Display's allegations in its

Complaint, Display is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 1801 NE 123rd Street, Suite 314, North Miami, Florida 33161.

## JURISDICTION AND VENUE

3.     This Counterclaim for declaratory relief arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4.     This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338.

5.     Display has consented to the personal jurisdiction of this Court by filing its Complaint and commencing its action for patent infringement in this District.

6.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

## NATURE OF THE ACTION

7.     This is an action based upon an actual controversy between the parties concerning the alleged infringement, validity, and enforceability of United States Patent No. 9,300,723 ("the '723 Patent").

8.     Display's Complaint in this action asserts that it is the owner of the '723 Patent, and that the '723 Patent is valid, enforceable, and infringed by Alpine.

9.     Alpine denies that it infringes any valid and enforceable claim of the '723 Patent.

10.     Alpine has further asserted that the '723 Patent is invalid for failing to satisfy one or more of the requirements for patentability of Title 35 of the United States Code, including 35 U.S.C. §§ 100, 101, 102, 103 and/or 112, or other judicially-created bases for invalidity or unenforceability.

11.     In view of the foregoing, there is an actual controversy between Alpine and Display with respect to the alleged infringement, validity, and enforceability of the '723 Patent.

## COUNT I

### DECLARATION OF NON-INFRINGEMENT OF THE '723 PATENT

12.     Alpine restates, realleges, and incorporates by reference the allegations in Paragraphs 1-11 above as though fully set forth herein.

13.     Display alleges that Alpine infringes one or more claims of the '723 Patent through the sale of the CDE-175BT.

14.     Alpine denies that it has infringed any valid and enforceable claim of the '723 Patent.

15.     As a non-limiting example, Alpine's CDE-175BT product does not have a "communication link initiated by said media system" as recited in all claims of the '723 Patent, either literally or under the doctrine of equivalents.

10

16.     An actual controversy exists between Alpine and Display over the alleged infringement of the '723 Patent.

17.     Alpine is entitled to a declaratory judgment that has not infringed the '723 Patent.

## COUNT II

## DECLARATION OF INVALIDITY OF THE '723 PATENT

18.     Alpine restates, realleges, and incorporates by reference the allegations in Paragraphs 1-17 above as though fully set forth herein.

19.     The claims of the '723 Patent, including asserted Claim 12, are invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including 35 U.S.C. §§ 100, 101, 102, 103 and/or 112, or other judicially-created bases for invalidity or unenforceability.

20.     As a non-limiting example, asserted Claim 12 of the '723 Patent is invalid as anticipated and/or obvious under 35 U.S.C. §§ 102 and 103 in view of at least WO2006/027725 to Vauclair.

21.     An actual controversy exists between Alpine and Display over the invalidity of the '723 Patent.

22.     Accordingly, Alpine is entitled to a declaratory judgment that the claims of the '723 Patent are invalid.

## **PRAYER FOR RELIEF**

WHEREFORE, Alpine requests the following relief:

A.      That this Court enter judgment against Display and in favor of Alpine on all of the claims set forth in Display's Complaint, that all such claims against Alpine be dismissed with prejudice, and that all relief requested by Display be denied;

B.      That this Court enter judgment that Alpine has not infringed, directly or indirectly, any valid and enforceable claim of the '723 Patent, either literally or under the doctrine of equivalents;

C.      That this Court enter judgment that the asserted claims of the '723 Patent are invalid;

D.      That this Court declare this to be an exceptional case within the meaning of 35 U.S.C. § 285 and award Alpine its costs and expenses, including reasonable attorneys' fees; and

E.      That this Court grant Alpine such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Alpine hereby demands a trial by jury as to all triable issues so triable.

By: */s/ I. W. Winsten*_____
I. W. Winsten (P30528)
HONIGMAN LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
(313) 465-7608
iww@honigman.com

Craig S. Summers
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main St., 14th Floor
Irvine, CA 92614
(949) 760-0404
Craig.summers@knobbe.com

Attorneys for Defendant
ALPINE ELECTRONICS OF
AMERICA, INC.

32719683