# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DISPLAY TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ALPINE ELECTRONICS OF AMERICA, INC., <br><br> Defendant | Case No. 2:20-cv-10392-SJM-MJH <br><br> Hon. Stephen J. Murphy, III |

**PLAINTIFF DISPLAY TECHNOLOGIES, LLC's
ANSWER TO ALPINE ELECTRONICS OF
AMERICA, INC.'S COUNTERCLAIMS**

Plaintiff Display Technologies, LLC ("Display") submits this Answer to the counterclaims asserted by Alpine Electronics of America, Inc. ("Defendant") in its Answer to Plaintiff's Complaint ("Answer").

## DEFENDANT'S COUNTERCLAIMS

### As to "Parties"

1.  Display is without sufficient knowledge to form a belief as to the allegations set forth in paragraph 1 and, therefore, denies the same.

2.  Admitted.

### As to "Jurisdiction and Venue"

3.  Admitted.

4. Display admits that jurisdiction is proper in this Court.

5. Display admits that personal jurisdiction is proper in this Court.

6. Display admits that venue is proper in this District.

## As to "Nature of the Action"

7. Display admits that an actual controversy has arisen and exists between Display and Alpine as to the infringement, validity and enforceability of the '723 Patent.

8. Admitted.

9. Display admits that Alpine denies infringement, validity and enforceability of the '723 Patent. Display denies any remaining allegations in paragraph 9.

10. Display admits that Alpine has asserted that the '723 Patent is invalid. Display denies any remaining allegations in paragraph 10.

11. Display admits that an actual controversy has arisen and exists between Display and Alpine as to the infringement, validity and enforceability of the '723 Patent.

## As to "Count I: Declaration of Non-Infringement of the '723 Patent"

12. Display incorporates its answers to paragraphs 1-11 herein.

13. Admitted.

14. Display admits that Alpine denies infringement, validity and enforceability of the '723 Patent. Display denies any remaining allegations in paragraph 14.

15. Denied.

16. Display admits that an actual controversy exists between Display and Alpine regarding the infringement of the '723 Patent.

17. Display admits that Defendant seeks a declaratory judgement that it does not infringe the '723 Patent.

### As to "Count II: Declaration of Invalidity of the '723 Patent"

18. Display incorporates its answers to paragraphs 1-17 herein.

19. Denied.

20. Denied.

21. Display admits that an actual controversy exists between Alpine and Display over the validity of the '723 Patent.

22. Display admits that Defendant seeks a declaratory judgment that the claims of the '723 Patent are invalid.

### As to "Prayer for Relief"

To the extent that any response is required to the Prayer for Relief, Display denies that Defendant is entitled to judgment or any of the relief it has requested.

4

Dated: May 22, 2020

Respectfully submitted by:
*/s/* Maxwell Goss
Maxwell Goss
Michigan Bar No. P78594
MAXWELL GOSS, PLLC
370 E. Maple Rd., Third Floor
Birmingham, Michigan 48009
(248) 266-5879
max@maxwellgoss.com

OF COUNSEL:
Jay Johnson
Texas Bar No. 24067322
D. Bradley Kizzia
Texas Bar No. 11547550
KIZZIA JOHNSON, PLLC
1910 Pacific Ave., Suite 13000
Dallas, Texas 75201
(214) 451-0164
Fax: (214) 451-0165
jay@kjpllc.com
bkizzia@kjpllc.com

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

This is to certify that on May 22, 2020, the undersigned caused the foregoing document to be filed using the Court's electronic filing system, which will provide notice to all counsel of record.

/s/ Maxwell Goss<br>
Maxwell Goss